UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE WATKINS,

    Plaintiff,

v.                                        Case No. 8:05-cv-353-T-30MAP

JOHN E. POTTER, Postmaster General
United States Postal Service,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or for Summary Judgment (Dkt. 21)[1] and Plaintiff's Response to the same (Dkt. 30). For the foregoing reasons, this Court finds Defendant's Motion is **GRANTED**.

### I. FACTUAL BACKGROUND[2]

Plaintiff is a former postal clerk at Defendant's Hilldale Annex in Tampa, Florida. During the course of her employment with Defendant, Plaintiff incurred an on the job injury which resulted in her being treated for an emotional condition. As a result of the injuries,

---

[1] This Court is treating Defendant's Motion as a Motion for Summary Judgment (Dkt. 29).

[2] The facts, as presented in this case, are extremely vague. Neither party has provided any detail as to various events, such as when she began her employment, what on the job injury she sustained that resulted in her needing accommodations to perform her job, as well as other details. However, none of the omitted details has any bearing on this Court's determination whether summary judgment should be entered.

Plaintiff received medical treatment and was given restrictions in the performance of her duties.

In October 2002, Plaintiff alleges a postal service employee, Don Moore, sent documents to her manager, Shawn Waldron, erroneously notifying the Plaintiff's Manager that Plaintiff did not have the proper Family Medical Leave Act (hereinafter "FMLA") paperwork in her file.[3]  According to Plaintiff, this false information led to her manager and other Postal supervisors acting "against her interests" and harassment.  The harassment caused Plaintiff to suffer a mental/emotional injury which forced Plaintiff to retire.

On or around April 1, 2004, while pursuing a worker's compensation claim against her employer, Plaintiff obtained documents from the United States Postal Service (hereinafter "USPS") which, according to Plaintiff, evidenced that Moore's actions in October 2002 were discriminatory in nature.  Upon receiving this information, Plaintiff, on April 6, 2004, contacted the USPS' Equal Employment Officer (hereinafter "EEO") and filed an internal complaint alleging disability discrimination and retaliation (Dkt. 22 at 11).

On June 1, 2004, USPS forwarded a letter to Plaintiff informing her that her EEO discrimination complaint was untimely as she had failed to contact an EEO Counselor within 45 days of the date of the alleged discriminatory action (Dkt. 22 at 23).  Plaintiff's complaint was therefore dismissed. Id.  The letter also informed Plaintiff that she had a right to either

---

[3] Plaintiff contends that these documents were in her file.

file a civil action in a U.S. District Court or appeal, withing 30 days of the decision, to the Equal Employment Opportunity Commission (hereinafter "EEOC"). Id. at 24.

On or around June 29, 2004, Plaintiff appealed the Agency's decision to the EEOC. Id. at 30. The EEOC issued its decision on October 6, 2004, affirming the Agency's decision. Id. at 32. Plaintiff requested reconsideration of the EEOC decision on October 27, 2004. Id. at 37. This request was denied on November 22, 2004. Id. at 44. Subsequently, Plaintiff filed this lawsuit.

## II. DISCUSSION

### A.   Summary Judgment Standard.

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

    **B.**    **Plaintiff failed to exhaust her administrative remedies.**

Pursuant to 29 C.F.R. § 1614.105(a), a federal employee who feels they have been discriminated against based on race, color, religion, sex, national origin, age or handicap has an affirmative duty to contact a EEO counselor prior to filing a complaint. See 29 C.F.R. § 1614.105(a) (2005). This contact must occur within **45 days** of the alleged discriminatory act. See 29 C.F.R. § 1614.105(a)(1) (2005) (emphasis added). Plaintiff argues that this 45

day period did not begin to run until she obtained documents in April 2004 which evidenced to her that disability discrimination caused her injury, i.e. the documents that were forwarded to Waldron by Moore. However, Plaintiff in her response to Defendant's Motion for Summary judgment acknowledges that the harassment by her manager and other supervisors in October **2002** forced her to resign. It is clear, that even if Plaintiff couldn't identify **why** her managers were harassing her, she felt harassed and should have contacted an EEO officer at that time, not approximately two years later after she receives documents to *support* her harassment allegations.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or for Summary Judgment (Dkt. 21) is **GRANTED**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk is instructed to enter judgment for Defendant and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-353 ADA MSJ.frm